**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| COTTONWOOD PARTNERSHIP, L.L.P., DUNBAR FAMILY PARTNERSHIP, L.P., ROSENE FAMILY L.L.C., WARREN F. KRUGER, KATHERINE A. KRUGER, DAVID S. KRUGER, AND KATHRYN E. SHELLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> PRICEWATERHOUSECOOPERS LLP, THOMAS KIVISTO, AND JOHN DOES 1-25 <br> Defendants. | Case No. 11-CV-061-JHP-PJC <br><br> Removed from Tulsa County District Court, Case No. CJ-2010-8173 |

## NOTICE OF REMOVAL

Defendant PricewaterhouseCoopers LLP ("PwC"), pursuant to 28 U.S.C. § 1452(a), hereby removes this lawsuit from the District Court for Tulsa County, State of Oklahoma to the United States District Court for the Northern District of Oklahoma. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). The causes of action asserted by Plaintiffs against PwC are "related to" the SemGroup bankruptcy case for two reasons: (1) Plaintiffs' claims are derivative causes of action that are competing with the lawsuit brought by the SemGroup Litigation Trustee, and (2) SemGroup has agreed to indemnify PwC for all liabilities, costs, and expenses incurred by PwC that are attributable to knowing misrepresentations by SemGroup's management. In support of this Notice of Removal, PwC states:

**The Petition**

1. On December 22, 2010, Plaintiffs—Cottonwood Partnership, LLP, Dunbar Family Partnership, LP, Rosene Family LLC, Warren F. Kruger, Katherine A. Kruger, David S. Kruger, and Kathryn E. Shelley—commenced a civil action by filing a Petition in the District

Court of the State of Oklahoma, Tulsa County. (A copy of the Petition and all documents filed or served are attached as Exhibit 1 pursuant to LCvR 81.2.) The case is styled as *Cottonwood Partnership, LLP, et al. v. PricewaterhouseCoopers LLP, et al.*, CJ-2010-8173. (A copy of the docket sheet is attached as Exhibit 2 pursuant to LCvR 81.2.)

2. The allegations in the Petition concern an entity called SemGroup, L.P., in which Plaintiffs were limited partners. SemGroup's primary business was the purchase, sale, and distribution of crude oil until July 22, 2008, when it and several related entities filed voluntary Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware. *See In re SemCrude, L.P., et al.*, No. 08-11525-BLS (Bankr. D. Del.). Plaintiffs allege they were injured when SemGroup went bankrupt because their equity in the limited partnership lost its value.

3. Plaintiffs' Petition names as defendants Thomas Kivisto—SemGroup's former CEO—and PricewaterhouseCoopers LLP, which audited SemGroup's 2006 and 2007 annual financial statements. Plaintiffs allege that Kivisto used "SemGroup assets for trading and investment activities undertaken for his own personal gain," (Pet. ¶ 84) and took substantial, undisclosed risks in his trading strategies. According to Plaintiffs, Kivisto "misrepresented material facts to Plaintiffs and/or concealed material facts that he had a duty [to] disclose," thereby committing fraud. (*Id.*) Plaintiffs further allege that PwC failed to audit SemGroup's financial statements properly because PwC did not "ensure[] disclosure of Kivisto's inappropriate conduct and speculative trading." (*Id*. at ¶ 4)

4. Based on these allegations, the Petition asserts two causes of action against PwC: (a) professional negligence; and (b) violation of the Oklahoma Accountancy Act. The Petition also asserts three causes of action against Thomas Kivisto: (a) negligent misrepresentation; (b)

2

fraud; and (c) breach of fiduciary duty. Plaintiffs seek compensatory damages in excess of $10,000 and punitive damages.

**Grounds for Removal**

5. A party may remove any claim or cause of action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

6. Section 1334, in turn, establishes jurisdiction in the district court to hear all civil proceedings that are "related to cases under Title 11"—the Bankruptcy Code. 28 U.S.C. § 1334(b).

7. "Related to" jurisdiction is construed broadly. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995) ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth.") (footnote omitted). Jurisdiction exists when "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 793 F.2d 984, 994 (3d Cir. 1984)); *see also Samson Resources Co. v. Valero Marketing & Supply Co.*, No. CIV-09-272-HE, 2009 WL 4042912, at *2 (W.D. Okla. Nov. 19, 2009) (Ex. 3) ("[A]n action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankruptcy estate."); *In re SemCrude, L.P.*, 428 B.R. 82, 96 (Bankr. D. Del. 2010) (similar). "Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex*, 514 U.S. at 308 n.5.

8.     The jurisdictional analysis does not change after confirmation of a plan of reorganization, and "post-confirmation jurisdiction is appropriate when the matter is 'related-to' the bankruptcy case." *In re CF & I Fabricators of Utah, Inc.*, 150 F.3d 1233, 1237 (10th Cir. 1998) (quoting *U.S. Tr. v. Gryphon at Stone Mansion, Inc.*, 216 B.R. 764, 768-69 (W.D. Pa. 1997)).  Thus, "courts will exercise jurisdiction over post-confirmation disputes if the matter sufficiently affects creditors' recoveries under a plan of reorganization." *Id.*; *see also Samson Resources Co.*, 2009 WL 4042912, at *2 n.7 (holding that confirmation of SemGroup plan of reorganization did not eliminate action's impact on bankruptcy).

9.     The causes of action asserted by Plaintiffs against PwC here are "related to" the SemGroup bankruptcy case for two reasons: (1) Plaintiffs' claims are derivative causes of action that are competing with the lawsuit brought by the SemGroup Litigation Trustee, and (2) SemGroup has agreed to indemnify PwC for all liabilities, costs, and expenses incurred by PwC that are attributable to knowing misrepresentations by SemGroup's management.

**Plaintiffs' Claims Are Derivative Causes Of Action That Duplicate A Lawsuit Brought By The SemGroup Litigation Trust**

10.    The instant lawsuit is "related to" the SemGroup bankruptcy because any recovery that Plaintiffs earn from PwC here would come at the expense of the SemGroup Litigation Trust, which was created by SemGroup's bankruptcy and which is pursuing recoveries for SemGroup's creditors.

11.    Although the Petition purports to bring claims on behalf of individual plaintiffs, the claims it asserts are derivative claims concerning an injury to SemGroup itself.  Specifically, Plaintiffs complain that when SemGroup became insolvent and filed for bankruptcy, their equity in the firm lost its value.  But that is true of all SemGroup's equityholders, and thus it is an injury to SemGroup itself.

4

12. Under Oklahoma law, it is well-settled that individual partners or corporate shareholders have no right of action against third parties for injuries that affected the value of all equity equally, which is then an injury to the company itself. As stated by the Oklahoma Supreme Court more than half a century ago, "it is a well-established general rule that a stockholder of a corporation has no personal or individual right of action against third persons, including officers and directors of the corporation, for a wrong or injury to the corporation which results in the destruction or depreciation of the value of his stock, since the wrong thus suffered by the stockholder is merely incidental to the wrong suffered by the corporation and affects all stockholders alike." *Dobry v. Yukon Elec. Co.*, 290 P.2d 135, 137 (Okla. 1955). Further, "[i]f the plaintiff has sustained no loss in addition to the loss to the corporation, the action cannot be maintained as an individual [action] even though the wrongful acts were done with the specific intent of injuring the plaintiff." *Id.* The Oklahoma legislature has codified this principle in the Oklahoma Limited Partnership Act, which states that a "partner commencing a direct action under this section is required to plead and prove an actual … injury that is not solely the result of an injury suffered … by the limited partnership." OKLA. STAT., tit. 54, § 500-1001A(b). Thus, claims for an injury to the entire partnership are derivative claims exercising the rights of the partnership. *See Kramer v. W. Pac. Indus., Inc.*, 546 A.2d 348, 353 (Del. 1988)[1]; *see also Continental Cas. Co. v. PricewaterhouseCoopers LLP*, No. 0120016/2003, 2007 WL 3992606 (N.Y. Sup. Ct. Nov. 7, 2007) (Ex. 4) (claim for negligent audit of partnership was derivative in nature). As such, Plaintiffs' claims are derivative in nature, purporting to exercise the rights of SemGroup.

---

[1] Particularly in derivative actions, Oklahoma courts will "consult decisions from the courts of Delaware and other jurisdictions" in the absence of Oklahoma authority. *See Beard v. Love*, 173 P.3d 796, 802 (Okla. Civ. App. 2007).

13. However, the SemGroup Litigation Trust, a creation of the SemGroup bankruptcy, is already exercising those rights. On October 28, 2009, SemGroup reorganized and re-emerged from bankruptcy through a reorganization plan (the "Plan") that was confirmed by the bankruptcy court pursuant to an order (the "Order"). (A copy of the Order is attached as Exhibit 5.) The Plan created the Litigation Trust and, with an associated SemGroup Litigation Trust Agreement (the "Trust Agreement"), transferred certain causes of action previously held by the SemGroup to the Litigation Trust for the benefit of certain creditors. (Order ¶ 13 (Ex. 5); a copy of the Trust Agreement is attached as Exhibit 6) Pursuant to the Plan and the Trust Agreement, the Trustee is directed to "prosecute, compromise and settle, abandon or dismiss for the benefit of the Litigation Trust all claims, rights and Causes of Action transferred to the Litigation Trust." (Trust Agreement § 3.11(i) (Ex. 6))

14. The Trustee has already asserted against PwC causes of action for professional negligence and violation of the Oklahoma Accountancy Act—the same claims brought against PwC here—in *Whyte v. PricewaterhouseCoopers LLP*, No. 10-C-485-GFK-FHM (N.D. Okla.). The factual allegations underlying the Trustee's and Plaintiffs' causes of action are virtually identical. For example, both petitions allege that Kivisto engaged in self-dealing, related party transactions, and commingling of personal and corporate funds by using SemGroup to make trades for his personal trading company (Trustee's Pet. ¶¶ 8-22; Plaintiffs' Pet. ¶¶ 33-39); both petitions allege that PwC had knowledge of Kivisto's personal trading company, Westback Purchasing Company, LLC, and its trading transactions (Trustee's Pet. ¶¶ 66-68; Plaintiffs' Pet. ¶¶ 60-61); and both petitions allege that Kivisto engaged in risky trading strategies that ultimately injured SemGroup (Trustee's Pet. ¶¶ 27-45; Plaintiffs' Pet. ¶¶ 45-54).

6

15. Plaintiffs and the Litigation Trust are both pursuing PwC for the same alleged injury. They cannot both prevail. Consequently, Plaintiffs in this action would take from PwC at the direct expense of the Litigation Trust, and Plaintiffs' claims are "related to" SemGroup's bankruptcy because the claims of the Trustee against which they are competing are related to SemGroup's bankruptcy. The Trustee's "function is virtually indistinguishable from that of the bankruptcy estate itself." *Id*. As a result, because this lawsuit could affect the prosecution of the Litigation Trust, it is "related to" SemGroup's bankruptcy.

**PwC's Right to Indemnification Gives Rise to "Related To" Jurisdiction**

16. Plaintiffs' claims against PwC are likewise "related to" the SemGroup bankruptcy because the contract under which PwC audited SemGroup's financial statements indemnifies PwC from any liability caused by knowing misrepresentations by SemGroup's management. Accordingly, because any PwC liability here would create indemnification rights that the SemGroup Litigation Trust (which owns SemGroup's rights concerning PwC) must honor, this lawsuit affects the bankruptcy estate.

17. Specifically, PwC's engagement letters with SemGroup, which are contracts affixing the parties' obligations under which PwC audited SemGroup's financial statements, provide that SemGroup will indemnify PwC "from any and all claims, liabilities, costs and expenses attributable to any knowing misrepresentation by management." (The engagement letters are attached as Exhibit 7.) These obligations were transferred to the bankruptcy estate when SemGroup filed for bankruptcy.

18. In a suit between non-debtors, "the presence of an indemnification agreement between [the defendant] and debtor … means that any adverse outcome in th[e] suit against the … defendant[ ] could conceivably have an effect on the administration of the bankruptcy estate."

7

*In re Harrah's Entertainment Sec. Litig.,* Civ. A. No. 95-3925, 1996 WL 684463 at *2 (E.D. La. Nov. 26, 1996) (Ex. 8); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010) (contractual indemnification rights may give rise to "related to" jurisdiction); *In re Dow Corning Corp.,* 86 F.3d 482, 490-94 (6th Cir. 1996) (finding "related to" jurisdiction where the possibility of contribution or indemnification liability existed); *In re Brooks Mays Music Co.,* 363 B.R. 801, 813 (Bankr. N.D. Tex. 2007) (concluding that "related to" jurisdiction existed because if the plaintiffs prevailed, they would "most likely have claims back against the estate by virtue of their indemnification agreements with the Debtor"); *In re Amanat*, 338 B.R. 574, 579 (Bankr. S.D.N.Y. 2005) (collecting cases); *Davis v. Merv Griffin Co.*, 128 B.R. 78, 96-99 (D.N.J. 1991) (contractual right to indemnification from debtor establishes "related to" jurisdiction). Thus, where a defendant's indemnification right runs against the bankruptcy estate, the claim is "related to" the bankruptcy.

19. Here, Plaintiffs allege that Kivisto, a former officer of SemGroup, committed fraud. If Plaintiffs prove their case against both Kivisto and PwC, PwC would have indemnity rights as a result. The exercise of these rights could have a conceivable affect on the estate (or the Litigation Trust that is currently pursuing the estate's claims). *See, e.g., In re Harrah's Entertainment,* 1996 WL 684463 at *2. Therefore, "related to" jurisdiction exists over Plaintiffs' claims.

**Venue**

20. The appropriate venue for this case is in this Court rather than Delaware bankruptcy court. First, the parallel action with which this lawsuit competes is already before the Court. *See Whyte v. PricewaterhouseCoopers LLP*, Case No. 10-CV-485-GFK-FHM. Additionally, this Court also has pending before it a consolidated securities class action arising

8

out of the SemGroup bankruptcy and sharing common factual issues with case. *See In re SemGroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-01989-GKF-FHM (N.D. Okla.). Indeed, on July 23, 2010, certain defendants in the securities action, recognizing the substantial overlap of issues, requested that this Court take judicial notice of several cases prosecuted by the Trustee, including the trustee's suit against PwC, which, as explained above, contains nearly identical allegations to the Petition here.  (Request for Judicial Notice by Defendants Carlyle/Riverstone Global Energy and Power Fund II, L.P., C/R SemGroup Investment Partnership, L.P., C/R Energy Coinvestment II, L.P., Andrew Ward, and E. Bartow Jones [Dkt. #295])  This Court's familiarity with the common factual issues, and the potential to coordinate common discovery into those facts, are precisely the kinds of efficiency gains contemplated by Congress in granting the federal courts "related to" bankruptcy jurisdiction. *See Celotex*, 514 U.S. at 308; *In re Refco Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 444 (S.D.N.Y. 2008).

**Timeliness**

21. PwC has timely filed this notice of removal within thirty days of service of the Petition in accordance with 28 U.S.C. § 1446(b).  PwC was served with the Petition on December 27, 2010.  (A copy of the summons is attached as Exhibit 1.)

22. On January 11, 2011, PwC filed an Unopposed Motion for Enlargement of Time to Answer Plaintiff's Petition and Reservation of All Defenses, seeking to extend the time within which PwC must respond to Plaintiffs' Petition to February 16, 2011.  (A copy of PwC's motion is attached as Exhibit 9.)  The court granted the motion on January 14, 2011.  (A copy of the order is attached as Exhibit 10.)  No substantive motions or other pleadings or process have been filed in the state court.

Dated: January 26, 2011

Respectfully submitted,

/s/Charles D. "Buddy" Neal, Jr.
Charles D. "Buddy" Neal, Jr., OBA #6591
Michelle Harris, OBA #18725
STEIDLEY & NEAL, P.L.L.C.
CityPlex Towers, 53rd Floor
Tulsa, Oklahoma 74137
(918) 664-4612 (telephone)
(918) 664-4133 (facsimile)

*Counsel for PricewaterhouseCoopers LLP*

**CERTIFICATE OF MAILING**

I hereby certify that on the 26th day of January, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James W. Rusher, jwrusher@ahrlaw.com

I hereby certify that on the 26th day of January, 2011, the same date the Notice of Removal was filed with the United States District Court for the Northern District of Oklahoma, a copy of this notice was served upon the above named plaintiffs, by mailing to Plaintiffs' attorney, a true and correct copy of the foregoing with proper postage fully prepaid to:

Adam P. Schiffer
Andrew S. Hicks
Logan E. Johnson
Schiffer Odom Hicks & Johnson PLLC
3200 Southwest Freeway, Ste. 2390
Houston, TX 77027

s/ Charles D. "Buddy"Neal, Jr.